ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN (220163)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
     – and –
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com

JOHNSON & WEAVER, LLP
FRANK J. JOHNSON (174882)
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: 619/230-0063
619/255-1856 (fax)
frankj@johnsonandweaver.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DESAI KUSHAL VIKRAMKUMAR, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>NIMBLE STORAGE, INC., et al.,<br><br>          Defendants. | Case No. 4:15-cv-05803-YGR<br><br>CLASS ACTION<br><br>FARSHID TABRIZI AND HANI ASCHA'S MEMORANDUM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS<br><br>DATE:     March 22, 2016<br>TIME:     2:00 p.m.<br>COURTROOM: 1 (4th Floor)<br>JUDGE:    Hon. Yvonne Gonzalez Rogers |

1117422_1

**TABLE OF CONTENTS**

        **Page**

I.     INTRODUCTION AND BACKGROUND ....................................................................... 1

II.    ARGUMENT ................................................................................................................... 3

        A.     ATRS Is Presumptively Barred from Serving as Lead Plaintiff .............................. 3

        B.     ATRS Cannot Demonstrate that the Presumptive Bar Should Be Lifted ................ 4

               1.     The Presumptive Bar Should Not Be Lifted Solely on the Grounds that ATRS Is an Institutional Investor ......................................................... 5

               2.     ATRS Is Involved in Too Many Cases to Warrant Lifting the Bar ............. 7

        C.     Tabrizi and Ascha are Experienced Investors Not Subject to the Presumptive Bar, and Should Be Appointed Lead Plaintiff ................................... 9

        D.     The Remaining Movants' Financial Interests Are Less Than the Financial Interest of the Tabrizi and Ascha ......................................................................... 10

III.   CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

Page

**CASES**

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) ............................................................................ *passim*

*Carcieri v. Salazar*,
  555 U.S. 379 (2009) ............................................................................................................... 5

*Chiaretti v. Orthodontic Ctrs. of Am., Inc.*,
  No. 03-1027 SECTION "F",
  2003 U.S. Dist. LEXIS 25264 (E.D. La. Aug. 28, 2003) .................................................... 3, 7

*Cunha v. Hansen Natural Corp.*,
  No. ED CV 08-01249-SGL(JCx),
  2009 U.S. Dist. LEXIS 61086 (C.D. Cal. July 13, 2009) ................................................. *passim*

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................ *passim*

*In re Dell Inc., Sec. Litig.*,
  No. A-06-CA-726-SS (W.D. Tex. Apr. 9, 2007) .................................................................... 7

*In re Enron Corp., Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002) .......................................................................................... 7

*In re Telxon Corp. Sec. Litig.*,
  67 F. Supp. 2d 803 (N.D. Ohio 1999) ............................................................................ 2, 3, 5

*In re Unumprovident Corp. Sec. Litig.*,
  No. 1:03-CV-049, 2003 U.S. Dist. LEXIS 24633
  (E.D. Tenn. Nov. 6, 2003) ................................................................................................ *passim*

*Steiner v. Aurora Foods Inc.*,
  No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341
  (N.D. Cal. June 5, 2000) ........................................................................................................ 3

*Stengle v. Am. Italian Pasta Co.*,
  No. 05-0725-CV-W-ODS, 2005 U.S. Dist. LEXIS 43816
  (W.D. Mo. Dec. 19, 2005) ............................................................................................... 5, 6, 7

*Thompson v. Shaw Group, Inc.*,
  No. 04-1685 SECTION "C" (1),
  2004 U.S. Dist. LEXIS 25641 (E.D. La. Dec. 14, 2004) ................................................. *passim*

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(2)(A)(v) ............................................................................................................7
    §78u-4(a)(3)(B) ........................................................................................................1, 4, 6
    §78u-4(a)(3)(B)(vi) ................................................................................................ *passim*

Federal Rules of Civil Procedure
    Rule 23 ..........................................................................................................................1, 3

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369, at 35 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730 ....................................................................................5

I.     INTRODUCTION AND BACKGROUND

On February 16, 2016, four separate movants filed motions for appointment as lead plaintiff in these related actions: (1) Farshid Tabrizi and Hani Ascha ("Tabrizi and Ascha"); (2) Arkansas Teacher Retirement System ("ATRS"); (3) David Tay ("Tay"); and (4) John S. McNierney, Hilleary Worthington and Carl Vincent Karnes (the "McNierney Group").  Dkt. Nos. 33, 20, 16, 29, respectively.  On March 1, 2016, the McNierney Group withdrew its lead plaintiff motion.  *See* Dkt. No. 51.  Tabrizi and Ascha submit this memorandum in opposition to the competing motions for appointment as lead plaintiff.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court is to appoint as lead plaintiff the movant which possesses the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. §78u-4(a)(3)(B); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  Although ATRS claims the largest financial interest, the PSLRA states that "a person may be a lead plaintiff, ***or an officer, director, or fiduciary*** of a lead plaintiff, in ***no more than 5*** securities class actions . . . during any 3-year period."[1]  15 U.S.C. §78u-4(a)(3)(B)(vi).[2]  Where a movant oversees more than five securities cases in a three-year period, the movant is "presumptively barred" from serving as lead plaintiff in another securities class action, regardless of its status as an institutional investor.  *See, e.g., Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1156 (N.D. Cal. 1999) (Whyte, J.) (noting that a plaintiff who has served as lead plaintiff in five cases in the previous three years "is presumptively barred from serving as lead plaintiff").  This requires a repeat litigant to make a satisfactory showing of special circumstances which warrant lifting §78u-4(a)(3)(B)(vi)'s presumptive bar.  No such circumstances exist here.

ATRS admits that it has been ***appointed*** as lead plaintiff in at least 12 cases in the last 3 years.  Dkt. No. 21-1.  The PSRLA, however, provides that a plaintiff "***may be***" – as opposed to "be

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

[2]    "[T]he applicability of the statutory bar to [ATRS] obviates the relevance of the amount of its financial interest . . . ." *Thompson v. Shaw Group, Inc.*, No. 04-1685 SECTION "C" (1), 2004 U.S. Dist. LEXIS 25641, at *22 (E.D. La. Dec. 14, 2004).

TABRIZI AND ASCHA'S MEMORANDUM IN OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS - 4:15-cv-05803-YGR                                                                                                              - 1 -

appointed as" – lead plaintiff in no more than five cases in three years. In other words, a plaintiff may *serve* as lead plaintiff in only five cases in three years. Although ATRS admits that it is *currently* serving in 12 cases, ATRS has served as lead plaintiff in as many as *20 securities fraud class action cases* in the last 3 years. There can be no dispute, therefore, that ATRS is "presumptively barred" from serving as lead plaintiff in this case. *McKesson*, 79 F. Supp. 2d at 1156; *In re Unumprovident Corp. Sec. Litig.*, No. 1:03-CV-049, 2003 U.S. Dist. LEXIS 24633, at *19-*20 (E.D. Tenn. Nov. 6, 2003) (finding §78u-4(a)(3)(B)(vi) "is best interpreted as imposing a *presumptive* bar against lead plaintiff candidates who have served in that same capacity in five other cases over the past three years") (emphasis in original); *see also* §B.2., *infra*.

ATRS will likely insist that the presumptive bar should be lifted solely because it is an institutional investor. Exempting institutions from the PSLRA's presumptive bar "solely on account of their status is not supported by the language of the statute." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 822 (N.D. Ohio 1999). *See also* §B.1., *infra*. An institutional investor, therefore, must show some additional special circumstances (besides its status as an institution) that would warrant lifting the bar – such as where the institutional investor is the only movant, or the only adequate movant, or where other movants have served in even more cases than the presumptively barred movant. *Cunha v. Hansen Natural Corp.*, No. ED CV 08-01249-SGL(JCx), 2009 U.S. Dist. LEXIS 61086, at *17 (C.D. Cal. July 13, 2009) (noting that in cases where courts have lifted the presumptive bar "there were special considerations given by the courts in question for why such a deviation was warranted *beyond the fact that prospective lead plaintiff involved was an institutional investor*"). Special circumstances warranting a lifting of the presumptive bar are *not* present in this case.

Because ATRS is barred from serving as lead plaintiff in this case, and has failed to demonstrate "special circumstances" to justify deviating from the PSLRA's presumptive bar, the Court must look to the investor which possesses the next largest financial interest – here, that movant is Tabrizi and Ascha. *Cavanaugh*, 306 F.3d at 730-31. Tabrizi and Ascha, sophisticated investors who both reside in California, lost a significant portion of their investment portfolios in transactions in Nimble Storage securities, and are highly motivated to seek the best outcome for the class in this

case. Many courts have emphasized that although Congress did intend to encourage institutional investors to serve as lead plaintiff, the PSLRA does not ***require*** institutional investors to lead securities cases. *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *14 (N.D. Cal. June 5, 2000) (Wilken, J.) ("[T]he PSLRA does not limit the presumption of most adequate plaintiff to institutional investors."); *Telxon*, 67 F. Supp. 2d at 821-22 ("The institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status as an institutional investor . . . ."). In fact, individual investors who lose significant portions of their investment portfolios, like Tabrizi and Ascha, may be even more highly motivated to seek redress from defendants than ATRS which lost a far smaller percentage of its assets.[3] In addition, Tabrizi and Ascha are not currently serving as lead plaintiff in any other securities action, and their attention to this action will not be fractured like that of ATRS's were it to be appointed. *See also* §C, *infra*. Finally, Tabrizi and Ascha meet the requirements of Rule 23. Dkt. No. 33 at 5-6. Consequently, Tabrizi and Ascha should be appointed Lead Plaintiff.

The remaining movants have smaller financial interests in the relief sought by the class than Tabrizi and Ascha. Their motions, therefore, need not be considered. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order . . . .").

**II.  ARGUMENT**

    **A.  ATRS Is Presumptively Barred from Serving as Lead Plaintiff**

"A primary tenet of the PSLRA is to protect a class from representation by repeat plaintiffs, who may not adequately monitor numerous litigations and counsel simultaneously." *Chiaretti v. Orthodontic Ctrs. of Am., Inc.*, No. 03-1027 SECTION "F", 2003 U.S. Dist. LEXIS 25264, at *5 (E.D. La. Aug. 28, 2003). Consequently, the PSLRA provides that "a person may be a lead plaintiff,

---

[3] While Tabrizi and Ascha as individuals have lost ***nearly all*** of their investment portfolios in transactions in Nimble Storage, the percentage ATRS lost is minimal – a mere 0.00795% of its stated $14.8 billion assets under management. Declaration of Tricia L. McCormick in Support of Tabrizi and Ascha's Memorandum in Opposition to Competing Lead Plaintiff Motions ("McCormick Opp. Decl."), Ex. 1.

TABRIZI AND ASCHA'S MEMORANDUM IN OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS - 4:15-cv-05803-YGR - 3 -

or an officer, director, or fiduciary of a lead plaintiff, in *no more than* 5 securities class actions . . . during any 3-year period." 15 U.S.C. §78u-4(a)(3)(B)(vi). "This provision gives the court considerable discretion to bar repeat litigants, creating a rebuttable presumption that the same plaintiff should not direct more than five securities class actions in three years." *McKesson*, 79 F. Supp. 2d at 1156 (applying the presumptive bar to an institutional investor).

ATRS acknowledges that it has triggered §78u-4(a)(3)(B), stating in its Certification that it is *currently* serving as lead plaintiff in 12 securities class actions. Dkt. No. 21-1. Having actually served as lead plaintiff in as many as 20 securities cases in the last 3 years, there is no dispute that ATRS is presumptively barred by §78u-4(a)(3)(B). *McKesson*, 79 F. Supp. 2d at 1156.

The burden lies squarely on ATRS to demonstrate that special circumstances exist in this case to compel the Court to exercise its discretion in lifting the bar and allowing ATRS to be appointed lead plaintiff in a *twenty-first* securities action. *See id. See also Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at *20 ("the burden is upon the presumptively barred candidate to demonstrate why the bar should not be applied in a given case"). There are no such circumstances in this case.

**B.    ATRS Cannot Demonstrate that the Presumptive Bar Should Be Lifted**

The PSLRA does give courts discretion to lift the presumptive bar of §78u-4(a)(3)(B), but such discretion is to be exercised "consistent with the purposes" of the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(vi). No special circumstances exist here which would warrant lifting the bar for ATRS. Rather, in passing the PSLRA, Congress "desired to increase client control over plaintiff's counsel, and allowing [ATRS to] simultaneous prosecut[e] [12] securities actions is inconsistent with that goal." *McKesson*, 79 F. Supp. 2d at 1156. "Although the legislative history appears to favor institutional investors, *a policy of equal force is the general prevention of over-representation regardless of the plaintiff's status*." *Shaw Group*, 2004 U.S. Dist. LEXIS 25641, at *22. Indeed, at this point, with so many actions in courts all over the country, ATRS cannot adequately oversee the actions and all of its counsel to the extent intended by the PSLRA. Consequently, because ATRS has exceeded the statutory bar by such a great amount, and does not appear to be slowing in its

filings for lead plaintiff status, the prevention of over-representation by ATRS should be stopped, and the bar should not be lifted for ATRS in this case.

### 1. The Presumptive Bar Should Not Be Lifted Solely on the Grounds that ATRS Is an Institutional Investor

Based upon the Congressional preference for institutional investors as lead plaintiffs, ATRS will undoubtedly argue that the presumptive bar should be lifted solely on the grounds that the legislative history favors the appointment of institutional investors, or that the bar does not apply at all to institutional investors. This argument, however, is contrary to the clear language of the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(vi); *see also McKesson*, 79 F. Supp. 2d 1146. First, although the PSLRA gives discretion to courts to lift the bar if necessary, Congress gave ***no automatic pass*** for institutional investors. 15 U.S.C. §78u-4(a)(3)(B)(vi) (noting only that the presumptive bar applies "[e]xcept as the court may otherwise permit").

If Congress had intended that the presumptive bar would ***never*** apply to institutional investors, Congress could have easily put such an exemption in the statute. Congress did not. *See id*. When discussing the presumptive bar, the legislative history of the PSLRA states that institutional investors "***may need to*** exceed this limitation." H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734. Congress, however, did not state institutional investors can ***always*** exceed this rule. *See id*; *see also McKesson*, 79 F. Supp. 2d at 1156 (noting that the "text of the statute contains no flat exemption for institutional investors"); *Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at *15 (PSLRA "provides no explicit blanket exception from the professional plaintiff rule for institutional investors"); *Telxon*, 67 F. Supp. 2d at 821 (declining to apply a "blanket exemption" to institutional investors because "[i]t would turn the grant of discretion into a mandatory instruction ***requiring*** courts to excuse an institutional investor from the rule") (emphasis in original); *Stengle v. Am. Italian Pasta Co.*, No. 05-0725-CV-W-ODS, 2005 U.S. Dist. LEXIS 43816, at *20 (W.D. Mo. Dec. 19, 2005) ("the plain language of the statute contains no such exclusion" for institutional investors); *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009) (if "statutory text is plain and unambiguous," court "must apply the statute according to its terms").

The plain language of the statute also confirms that the presumptive bar applies to institutional investors. The PSLRA states "a person may be a lead plaintiff, ***or an officer, director, or fiduciary of a lead plaintiff***, in no more than 5 securities class actions." 15 U.S.C. §78u-4(a)(3)(B)(vi). This language can *only* apply to institutional investors as a person cannot be an officer, director or fiduciary of himself, herself or another individual. ATRS's Executive Director George Hopkins has executed 21 of the certifications in the actions listed on its Certification filed in this case. McCormick Opp. Decl., Ex. 2. Since "the 5-in-3 rule itself makes clear that it applies not only to the person itself, but also to the officers, directors, and fiduciaries of the proposed lead plaintiff," the plain language of the statute dictates that the presumptive bar applies to institutional investors. *Hansen Natural*, 2009 U.S. Dist. LEXIS 61086, at *15.

The Ninth Circuit has directed courts to refrain from veering away from the "straightforward" language of the PSLRA. *Cavanaugh*, 306 F.3d at 732. "Congress enacts statutes, not purposes, and courts may not depart from the statutory text because they believe some other arrangement would better serve the legislative goals." *Id*. at 731-72; *id.* at 737 (rejecting reliance on legislative history mentioning the concerns that prompted Congress to pass the statute because it "would put the legislative history cart before the statutory text horse"). As a result, the Ninth Circuit has instructed that "[w]e are bound by what Congress did, and we may not add to the statute terms that Congress omitted even if we believe they would serve the statutory purpose." *Id*. at 738. Therefore, the "Court should not lightly appoint a professional plaintiff" even where the movant is an institutional investor when "there is no need to do so" because another movant, here Tabrizi and Ascha, "can adequately represent the class." *Stengle*, 2005 U.S. Dist. LEXIS 43816, at *19-*20 (noting that the "plain language of the statute contains no such exclusion" from §78u-4(a)(3)(B) for institutional investors); *Hansen Natural*, 2009 U.S. Dist. LEXIS 61086, at *17 (in cases where courts have lifted the presumptive bar "there were special considerations given by the courts in question for why such a deviation was warranted ***beyond the fact that prospective lead plaintiff involved was an institutional investor***").

Courts have followed the PSLRA's plain language, finding that institutional investors are "presumptively disqualified from serving as a lead plaintiff, because [they have] participated as lead

1  plaintiff in more than five securities class actions in the last 3 years." *In re Dell Inc., Sec. Litig.*, No.
2  A-06-CA-726-SS, slip op. at 7-8 (W.D. Tex. Apr. 9, 2007) (finding institutional investor
3  "presumptively disqualified" from serving as lead plaintiff under §78u-4(a)(3)(B)(vi)) (McCormick
4  Opp. Decl., Ex. 3); *McKesson*, 79 F. Supp. 2d at 1156 (refusing to lift the presumptive bar for state
5  pension fund); *Hansen Natural*, 2009 U.S. Dist. LEXIS 61086, at *19 (same); *Shaw Group*, 2004
6  U.S. Dist. LEXIS 25641, at *21-*22 (refusing to lift the bar for an institutional investor currently
7  involved in 7 securities cases); *Chiaretti*, 2003 U.S. Dist. LEXIS 25264, at *5-6 (refusing to lift the
8  bar for an institutional investor overseeing 6 securities class actions); *In re Enron Corp., Sec. Litig.*,
9  206 F.R.D. 427, 457 (S.D. Tex. 2002) (refusing to lift the bar for an institutional investor which had
10 been appointed in 9 cases); *Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at *21-*22 (denying an
11 institution's application for lead plaintiff appointment and finding that lifting the bar for an
12 institution that was serving in 9 cases "would stretch the resources of even the largest institutional
13 investor[]"); *Stengle*, 2005 U.S. Dist. LEXIS 43816, at *19-*20 (refusing to lift the presumptive bar
14 for an institution who was serving as lead plaintiff in 6 cases).  The presumptive bar should not be
15 lifted for ATRS here merely because of its status as an institutional investor.

16 **2.    ATRS Is Involved in Too Many Cases to Warrant Lifting the Bar**

17 The presumptive bar against ATRS's appointment here should not be lifted for another
18 reason as well, the "simultaneous participation in securities class actions or applications for
19 appointment as lead plaintiff could result in the institutional investor having fewer resources
20 available and being less able to police counsel's conduct." *Enron*, 206 F.R.D. at 444.  This is more
21 than an academic concern here.  ATRS states on its Certification that it has moved for lead plaintiff
22 appointment in an astounding 22 securities class actions.  ATRS's own certification indicates that
23 over the previous three years, it has moved to be appointed as lead plaintiff in a securities class
24 action, on average, at least every other month.
25 In addition, while ATRS discloses 12 cases in which it was ***appointed*** as lead plaintiff in the
26 3 years preceding the date of its certification (presumably pursuant to §78u-4(a)(2)(A)(v)), the
27 presumptive bar language codified in §78u-4(a)(3)(B)(vi) does not limit the number of times a
28 plaintiff can be "***appointed***" in three years.  Rather §78u-4(a)(3)(B)(vi) states that a plaintiff "***may***

TABRIZI AND ASCHA'S MEMORANDUM IN OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS - 4:15-cv-05803-YGR                                                                                           - 7 -

1 *be*" lead plaintiff in no more than 5 cases during a 3-year period.  This is important because even
2 though ATRS may have been *appointed* lead plaintiff more than three years ago, or cases in which it
3 was appointed were filed more than three years ago, as long as ATRS still *served* as lead plaintiff in
4 the case within the previous three years, that fact should be considered in determining whether the
5 presumptive bar should be lifted.  *See Hansen Natural*, 2009 U.S. Dist. LEXIS 61086, at *11-*12
6 ("the 5-in-3 rule is *not* confined to simply the number of *presently active* cases a party is serving as a
7 lead plaintiff in, but applies to all cases (*active or otherwise*) the party in question has served as a
8 lead plaintiff in the past three years") (emphasis added and in original).  In addition, if ATRS was
9 appointed in an action that is not currently active, but ATRS served as lead plaintiff in the case, it
10 must be considered in the number of cases in which it served as lead plaintiff in the past three years.

11       In *addition to* the 12 cases ATRS disclosed on its certification in which it is currently
12 serving, ATRS has also *served* as lead plaintiff in the following 8 cases in the previous three years:
13 (1) *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-01558 (D. Nev.); (2) *In re Goldman Sachs Group,*
14 *Inc. Sec. Litig.*, No. 1:10-cv-03461 (S.D.N.Y.); (3) *In re JPMorgan Chase & Co. Sec. Litig.*, No.
15 1:12-cv-03852 (S.D.N.Y.); (4) *State-Boston Retirement System v. Infoblox, Inc.*, No. 3:14-cv-2500
16 (N.D. Cal.); (5) *Ortuzar v. Francesca's Holdings Corp.*, No. 13-cv-6882 (S.D.N.Y.); (6) *In re*
17 *Vipshop Holdings Sec. Litig.*, No. 15-cv-5097 (S.D.N.Y.); (7) *Haan v. Five Below, Inc.*, No. 15-cv-
18 0094 (E.D. Pa.); and (8) *Weber v. Groupon, Inc.*, No. 12-cv-10235 (N.D. Ill.).[4]  ATRS, therefore, has
19 served as lead plaintiff in as many as *20 cases* in the past 3 years.  In addition, ATRS has motions for
20 lead plaintiff appointment currently pending in at least *two additional cases*, not including this
21 action.[5]

22       "If a court determines that an institutional investor's participation in five or more litigations
23 poses a *risk* of overstretch, the institutional investor may be *disqualified* under the statutory bar."
24 *Shaw Group*, 2004 U.S. Dist. LEXIS 25641, at *20.  And, where, like here, the PSLRA's 5-in-3

---

[4] Within two months of being appointed as lead plaintiff, and before filing an amended complaint, ATRS voluntarily dismissed the *Infoblox*, *Five Below* and *Vipshop Holdings* actions.

[5] ATRS's motions are currently pending in the following two actions:  (1) *Arkansas Teacher Retirement System v. Insulet Corp.*, No. 1:15-cv-12345 (D. Mass.); and (2) *In re Extreme Networks, Inc. Sec. Litig.*, No. 5:15-cv-04883 (N.D. Cal.).

1  "threshold has been exceeded courts are free to also consider the general litigious history of the
2  prospective lead plaintiff." *Hansen Natural*, 2009 U.S. Dist. LEXIS 61086, at *20.[6]  In
3  *Unumprovident*, the court refused to lift the bar for an institutional investor, noting that
4  "[s]imultaneous prosecution of *nine* different securities class actions would stretch the resources of
5  even the largest institutional investors." 2003 U.S. Dist. LEXIS 24633, at *22. The resources and
6  attention of ATRS, then – which is currently serving in 12 different securities class actions in at least
7  9 different states across the country, and which has 2 additional motions pending – are too stretched
8  to warrant lifting the presumptive bar here in order to allow it to serve as the sole lead plaintiff in yet
9  another complex securities class action. *See Shaw Group*, 2004 U.S. Dist. LEXIS 25641, at *22
10 ("Although the legislative history appears to favor institutional investors, a policy of equal force is
11 the general prevention of over-representation regardless of the plaintiff's status.").

12 Relying on ATRS's already over-stretched resources and subjecting the class to such a risk is
13 unnecessary here. Tabrizi and Ascha are ready, able and willing to lead this case, without subjecting
14 the class to unnecessary risk. The presumptive bar should not be lifted for ATRS in this case as
15 "[n]either the PSLRA nor its legislative history express any congressional desire institutional
16 investors be permitted to dominate or monopolize the lead plaintiff role." *Unumprovident*, 2003
17 U.S. Dist. LEXIS 24633, at *23.

### C. Tabrizi and Ascha are Experienced Investors Not Subject to the Presumptive Bar, and Should Be Appointed Lead Plaintiff

Tabrizi and Ascha are experienced investors, not subject to the presumptive bar or any other unique defenses, and are willing to represent the class. They have submitted, with their lead plaintiff motion, a Joint Declaration, demonstrating their ability to oversee this action in order to obtain the largest recovery for the class. Dkt. No. 34-4. There is, therefore, "no justification for granting an exception to a party which has so significantly exceeded the limitations of the professional plaintiff rule, at least where a viable alternative is available which would be just as, if not more, consistent

---

[6] By its own admission, ATRS has been a prolific lead plaintiff movant. In addition to those cases in which ATRS is serving or has served as lead plaintiff, it has sought to serve as a representative party in at least 7 additional securities class actions in the last 3 years, as noted on its certification.

TABRIZI AND ASCHA'S MEMORANDUM IN OPPOSITION TO COMPETING LEAD PLAINTIFF
MOTIONS - 4:15-cv-05803-YGR                                                                                         - 9 -

with the purposes under the PSLRA." *Unumprovident*, 2003 U.S. Dist. LEXIS 24633, at *23. Tabrizi and Ascha should be appointed Lead Plaintiff.

### D. The Remaining Movants' Financial Interests Are Less Than the Financial Interest of the Tabrizi and Ascha

Tay and the McNierney Group both possess smaller financial interests in the relief sought by the class compared with Tabrizi and Ascha's loss. Therefore, under the straightforward procedure set forth in the PSLRA and *Cavanaugh*, these motions need not be considered, and should be denied. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

## III. CONCLUSION

ATRS, the movant which claims the largest financial interest, is presumptively barred from serving as lead plaintiff in yet another securities class action. ATRS cannot demonstrate special circumstances that would warrant lifting the presumptive bar. The movant with the next largest financial interest, Tabrizi and Ascha, meet the PSRLA's lead plaintiff requirements, are not presumptively barred, and should be appointed Lead Plaintiff.

DATED: March 1, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
TRICIA L. McCORMICK


  s/ Tricia L. McCormick  
TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
58 S Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

JOHNSON & WEAVER, LLP
FRANK J. JOHNSON
600 West Broadway, Suite 1540
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)

[Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2016.

      s/ TRICIA L. McCORMICK
      TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:triciam@rgrdlaw.com

FARSHID TABRIZI AND HANI ASCHA'S MEMORANDUM IN OPPOSITION TO COMPETING
LEAD PLAINTIFF MOTIONS - 4:15-cv-05803-YGR - 1 -

# Mailing Information for a Case 4:15-cv-05803-YGR Desai Vikramkumar v. Nimble Storage, Inc. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Michael M Davis-Wilson**
  mdaviswilson@fenwick.com,vpieretti@fenwick.com

- **Michael Scott Dicke**
  mdicke@fenwick.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com,smorris@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,triciam@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Deborah Kang**
  dkang@fenwick.com,tchow@fenwick.com

- **Christopher J. Keller**
  ckeller@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Felix Shih-Young Lee**
  flee@fenwick.com,tmartin@fenwick.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,acaloza@fenwick.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Aidan Chowning Poppler**
  cpoppler@bermandevalerio.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Michael Walter Stocker**
  mstocker@labaton.com,nmackiel@labaton.com,ElectronicCaseFiling@labaton.com,lmehringer@labaton.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)