ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN (220163)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@rgrdlaw.com
     – and –
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com

JOHNSON & WEAVER, LLP
FRANK J. JOHNSON (174882)
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: 619/230-0063
619/255-1856 (fax)
frankj@johnsonandweaver.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DESAI KUSHAL VIKRAMKUMAR, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NIMBLE STORAGE, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 4:15-cv-05803-YGR<br><br>CLASS ACTION<br><br>FARSHID TABRIZI AND HANI ASCHA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE:　　　March 22, 2016<br>TIME:　　　2:00 p.m.<br>CTRM:　　1 (4th Floor)<br>JUDGE:　　Hon. Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND BACKGROUND ..................................................................1

II. TABRIZI AND ASCHA ARE THE "MOST ADEQUATE PLAINTIFF" ........................2

    A. The PSLRA Does Not Require that Tabrizi and Ascha Be "Related" ....................2

    B. Tabrizi and Ascha Have Established Their Cohesion..............................................4

    C. Tabrizi and Ascha Satisfy the "Most Adequate Plaintiff" Requirements Without Aggregating Their Losses........................................................................7

III. CONCLUSION................................................................................................................8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bruce v. Suntech Power Holdings Co., Ltd.*,
  No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702
  (N.D. Cal. Nov. 13, 2012) ......................................................................................................5, 7

*City of Ann Arbor Emps. Ret. Sys. v. Accuray Inc.*,
  No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466
  (N.D. Cal. Oct. 26, 2009) ........................................................................................................3, 7

*Cook v. Atossa Genetics, Inc.*,
  No. C13-1836-RSM, 2014 U.S. Dist. LEXIS 19218
  (W.D. Wash. Feb. 14, 2014) ......................................................................................................3

*Eichenholtz v. Verifone Holdings, Inc.*,
  No. C 07-06140 MHP, 2008 U.S. Dist LEXIS 64633
  (N.D. Cal. Aug. 22, 2008) ..........................................................................................................2

*Hodges v. Akeena Solar, Inc.*,
  263 F.R.D. 528 (N.D. Cal. Oct. 21, 2009) .................................................................................7

*In re Baan Co. Sec. Litig.*,
  186 F.R.D. 214 (D.D.C. 1999) ...................................................................................................3

*In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*,
  No. MDL 09-02014 JSW, 2009 U.S. Dist. LEXIS 81946
  (N.D. Cal. Aug. 26, 2009) ..........................................................................................................2

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .....................................................................................................1

*In re Charles Schwab Sec. Litig.*,
  No. C 08-01510 WHA, 2008 U.S. Dist. LEXIS 116650
  (N.D. Cal. July 3, 2008) ..........................................................................................................3, 4

*In re CMED Securities Litigation*,
  No. 11 Civ. 9297 (KBF), 2012 U.S. Dist. LEXIS 47785
  (S.D.N.Y. 2012) ..........................................................................................................................6

*In re Molycorp, Inc. Sec. Litig.*,
  No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191
  (D. Colo. May 29, 2012) ...................................................................................................3, 5, 6

*In re Nature's Sunshine Prods.*,
  No. 2:06-CV-267 JS, 2006 U.S. Dist. LEXIS 57594
  (D. Utah Aug. 16, 2006) ............................................................................................................5

**Page**

*In re Neopharm, Inc. Sec. Litig.*,
    No. 02 C 2976, 2004 U.S. Dist. LEXIS 5814
    (N.D. Ill. Apr. 8, 2004) ...................................................................................................5

*In re Netflix, Inc., Sec. Litig.*,
    No. 12-0225 SC, 2012 U.S. Dist. LEXIS 59465
    (N.D. Cal. Apr. 26, 2012) ...............................................................................................8

*In re Network Assocs. Sec. Litig.*,
    76 F. Supp. 2d 1017 (N.D. Cal. 1999) ..........................................................................3

*In re Surebeam Corp. Sec. Litig.*,
    No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022
    (S.D. Cal. Jan. 5, 2004) ..................................................................................................8

*In re Versata, Inc.*,
    No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270
    (N.D. Cal. Aug. 20, 2001) ..............................................................................1, 2, 4, 5

*Johnson v. OCZ Tech. Group*,
    No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610
    (N.D. Cal. Jan. 4, 2013) .................................................................................................5

*McCracken v. Edwards Lifesciences Corp.*,
    No. 8:13-CV-1463-JLS, 2014 U.S. Dist. LEXIS 2147
    (C.D. Cal. Jan. 8, 2014) .................................................................................................5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
    No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141
    (N.D. Cal. June 10, 2014) .............................................................................................5

*Petrie v. Elec. Game Card, Inc.*,
    No. SACV 10-0252 DOC (RNBx), 2010 U.S. Dist. LEXIS 56283
    (C.D. Cal. June 4, 2010) ................................................................................................8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of America Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) ..................................................................................6

*Sabbagh v. Cell Therapeutics, Inc.*,
    No. C10-414MJP, 2010 U.S. Dist. LEXIS 93614
    (W.D. Wash. Aug. 2, 2010) ...........................................................................................5

*West Palm Beach Police Pension Fund v. DFC Global Corp.*,
    No. 13-1631, 2014 U.S. Dist. LEXIS 49595
    (E.D. Pa. Apr. 10, 2014) ................................................................................................7

FARSHID TABRIZI AND HANI ASCHA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL - 4:15-cv-05803-YGR    - iii -

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
 §78u-4(a)(3)(B)(iii)(I) ................................................................................................................1, 2

Federal Rules of Civil Procedure
 Rule 23 ........................................................................................................................................1

## I. INTRODUCTION AND BACKGROUND

According to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the "most adequate plaintiff" who should be appointed lead plaintiff is the "person *or group of persons*" that possesses the largest financial interest and also satisfies the requirements of Federal Rules of Civil Procedure Rule 23 ("Rule 23").[1]  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Of the four separate lead plaintiff motions filed on February 16, 2016, only Farshid Tabrizi and Hani Ascha ("Tabrizi and Ascha") and Arkansas Teacher Retirement System ("ATRS") continue to claim to be the "most adequate plaintiff."[2]  As demonstrated in Tabrizi and Ascha's opposition to ATRS's lead plaintiff motion, ATRS is presumptively barred from serving as lead plaintiff in this Action because it has already served as lead plaintiff in as many as 20 securities class action cases in the last 3 years, is currently serving as lead plaintiff in as many as 12 cases, and has 2 additional lead plaintiff motions pending in other securities class actions.  Dkt. No. 54.  Moreover, ATRS has offered the Court no reason why it should lift the presumptive bar against its appointment in this case.  *Id*.  Consequently, ATRS is not the "most adequate plaintiff" and cannot be appointed as lead plaintiff in this Action. *Id*.

Recognizing that its motion here runs afoul of *direct* language in the PSRLA which specifically limits plaintiffs to serving in only *five* cases in three years, ATRS attempts to add additional requirements to the PSLRA, arguing that Tabrizi and Ascha cannot be appointed because they are not "related."  Dkt. No. 52.  The PSLRA, however, unequivocally states that the most adequate plaintiff can be a "person or group of persons," and contains *no* requirement that the "group of persons" be related.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 728-30, 739 (9th Cir. 2002) (directing district court on remand to proceed with the presumption that the Cavanaugh group – 5 individuals – was the most adequate plaintiff); *In re Versata, Inc.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *19-*20 (N.D. Cal. Aug. 20, 2001) (Illston, J.)

---

[1]  Unless otherwise noted, all emphasis is added and citations are omitted.

[2]  The McNierney Group withdrew their motion on March 1, 2016.  Dkt. No. 51.  Mr. Tay appears to have abandoned his motion, having not filed an opposition or response to the competing motions.

FARSHID TABRIZI AND HANI ASCHA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL - 4:15-cv-05803-YGR - 1 -

1  ("Requiring a pre-litigation relationship, though appealing in its simplicity, is too rigid; it is not the
2  only way, or necessarily the best way, to ensure that the lead plaintiffs will 'actively represent the
3  interests of the purported class.'"); *see also* §II.A., *infra*.

4  Courts in this District, instead, simply require groups to demonstrate that they are able to
5  oversee the litigation as a small, cohesive unit. *See id.* Tabrizi and Ascha have demonstrated why
6  they moved together and how they intend to oversee the litigation, and as such are a small, cohesive
7  group that can adequately oversee this case. *See Versata*, 2001 U.S. Dist. LEXIS 24270, at *19-*20;
8  §II.B., *infra*. As a result, there is no reason Tabrizi and Ascha cannot be appointed lead plaintiff. In
9  fact, they are a more adequate choice to lead this litigation as lead plaintiff than ATRS which
10 currently is overcommitted in 12 complex securities class actions and has demonstrated no special
11 circumstances to compel the Court to disregard the clear language of the PSLRA and allow it to be
12 appointed in its ***21st case*** in the past 3 years. Tabrizi and Ascha's motion should be granted and
13 ATRS's motion should be denied.

14 **II.     TABRIZI AND ASCHA ARE THE "MOST ADEQUATE PLAINTIFF"**

15        **A.     The PSLRA Does Not Require that Tabrizi and Ascha Be "Related"**

16 ATRS cannot dispute that the PSLRA specifically allows a "group of persons" to be
17 appointed as lead plaintiff in securities actions. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). ATRS argues,
18 however, that Tabrizi and Ascha are not a cohesive group because they are "unrelated individuals."
19 Dkt. No. 52 at 3, 9-10 (stating that "there is ***no*** evidence that either Tabrizi or Ascha had ***any***
20 relationship pre-dating the Actions whatsoever") (emphasis in original). This argument has been
21 soundly rejected by courts in this District, and around the country, recognizing that "a pre-existing
22 relationship between [investors] that comprise a group is not required if the resulting group is small
23 and cohesive enough such that it can adequately control and oversee the litigation." *Eichenholtz v.*
24 *Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 U.S. Dist LEXIS 64633, at *25 (N.D. Cal.
25 Aug. 22, 2008) (Patel, J.); *Versata*, 2001 U.S. Dist. LEXIS 24270, at*19-*20 (calling a pre-litigation
26 requirement "too rigid"); *In re Bank of Am. Corp. Auction Rate Sec. Mktg. Litig.*, No. MDL 09-
27 02014 JSW, 2009 U.S. Dist. LEXIS 81946, at *8 (N.D. Cal. Aug. 26, 2009) (White, J.) ("Although

28

the members of the group did not have a pre-existing relationship and were brought together by counsel, the Court concludes that fact does not automatically disqualify [the two movants] from serving as Lead Plaintiff."); *City of Ann Arbor Emps. Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *8 (N.D. Cal. Oct. 26, 2009) (Wilken, J.) (appointing group consisting of unrelated members and stating: "In light of the PSLRA's statement that the most adequate plaintiff may be 'a group of persons,' . . . most courts have concluded that the PSLRA authorizes plaintiffs to aggregate their losses for purposes of the lead plaintiff determination.").[3]

ATRS's citation to *Network Associates* is misplaced. *In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017 (N.D. Cal. 1999) (Alsup, J.). Tabrizi and Ascha, a small, cohesive group of two, are nothing like the "lawyer-driven" group of **hundreds of people** that Judge Alsup rejected in *Network Associates. See In re Charles Schwab Sec. Litig.*, No. C 08-01510 WHA, 2008 U.S. Dist. LEXIS 116650, at *15-*16 (N.D. Cal. July 3, 2008). In *Charles Schwab*, nearly a decade after the court's *Network Associates* decision, Judge Alsup noted that when the *Network Associates* opinion was authored, directly "[a]fter passage of the PSLRA, some plaintiffs counsel tried to amass large aggregations of groups . . . . The undersigned refused to recognize such aggregation on the ground that such an amorphous, incoherent group would have no decisionmaking apparatus and would be at the complete mercy of the lawyers . . . ." *Id*. Judge Alsup went on to state that in *Charles Schwab*, such concerns were ***not*** present because, unlike the large amassed groups in *Network Associates*, the small group of six in *Charles Schwab* had "shown that they create a cohesive, coherent, and manageable group with a decisionmaking apparatus." *Id*. at *17. Consequently, Judge Alsup distinguished the small, cohesive group in *Charles Schwab* from the huge aggregated mass of a

---

[3] *See also In re Molycorp, Inc. Sec. Litig.*, No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at *6 (D. Colo. May 29, 2012) ("The PSLRA does not forbid the appointment of a group of individuals as Lead Plaintiff in a shareholder class action, nor does it require that such a group have a pre-existing relationship."); *Cook v. Atossa Genetics, Inc.*, No. C13-1836-RSM, 2014 U.S. Dist. LEXIS 19218, at *15 (W.D. Wash. Feb. 14, 2014) ("courts have recognized that 'a pre-existing relationship between [investors] that comprise a group is not required if the resulting group is small and cohesive enough such that it can adequately control and oversee the litigation'"). The U.S. Securities and Exchange Commission argued in favor of the appointment of a small cohesive group of investors, not exceeding three to five persons, which is "a number that will facilitate joint decisionmaking and also help to assure that each group member has a sufficiently large stake in the litigation." *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 224 (D.D.C. 1999).

1  group in *Network Associates*, and required no pre-litigation relationship in appointing the six-
2  member group. *Id.* Likewise, here, Tabrizi and Ascha, a small group of only two investors, have
3  demonstrated their cohesiveness, and resemble the group in *Charles Schwab*, not the large, unwieldy
4  group in *Network Associates*.

### B. Tabrizi and Ascha Have Established Their Cohesion

Judge Illston addressed the appointment of small, unrelated groups as lead plaintiff and found that "[r]equiring a pre-litigation relationship, though appealing in its simplicity, is too rigid . . . . The beneficial characteristics sought in a group with a pre-existing relationship – cohesiveness, an ability to direct litigation, and collective confluence with the interests of the class – can be found in unrelated groups on a case-by-case basis." *Versata*, 2001 U.S. Dist. LEXIS 24270, at \*19-\*20. In determining whether unrelated persons are a proper "group" for appointment as lead plaintiff, Judge Illston stated that "the singular focus will be whether the asserted group has demonstrated the ability to represent the class and direct the litigation without undue influence from counsel." *Id.* at \*21.

Tabrizi and Ascha have done just that. Tabrizi and Ascha's Joint Declaration, in combination with their sworn certifications demonstrate that both Tabrizi and Ascha are sophisticated individuals who both suffered significant losses. Dkt. Nos. 34-4, ¶¶3-4; 34-1. In addition, they clearly stated the reasons why they moved together: (i) to protect the class if for some unforeseen reason one of them becomes unable to serve as lead plaintiff; and (ii) while one of them purchased only common stock, the other one purchased both stock and options and their "diversity of investment experience will inure to the benefit of the class" to ensure the entire class is properly protected. *Id.*, ¶6.[4] Furthermore, Tabrizi and Ascha understand the important role of being lead plaintiff and intend to carry out that role to "obtain the largest recovery for the class consistent with meritorious advocacy and sound judgment." *Id.*, ¶7.

ATRS's argument ignores the bulk of this submission by Tabrizi and Ascha which demonstrates specifically why and how they decided to move together, as opposed to individually.

---

[4] ATRS, on the other hand, purchased only common stock, and may not adequately represent the interests of the options purchasers.

FARSHID TABRIZI AND HANI ASCHA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL - 4:15-cv-05803-YGR - 4 -

1   Because Tabrizi and Ascha have demonstrated that they are able to represent the class and oversee
2   the prosecution of this case, through the submission of timely evidence, they can adequately serve
3   together as lead plaintiff.  *See Versata*, 2001 U.S. Dist. LEXIS 24270, at *19-*22; *Bruce v. Suntech*
4   *Power Holdings Co., Ltd*., No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702, at *9-*10 (N.D.
5   Cal. Nov. 13, 2012) (Seeborg, J.) (appointing as lead plaintiff a group of investors that submitted a
6   joint declaration "attesting that each is knowledgeable about the litigation, that they are working
7   together, and that they are committed to protecting the interests of the Class"); *Miami Police Relief*
8   *& Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141, at *20-
9   *21 (N.D. Cal. June 10, 2014) (Koh, J.) (appointing group of two plaintiffs who submitted similar
10  declarations); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at
11  *8-*9 (N.D. Cal. Jan. 4, 2013) (Seeborg, J.) (appointing group of four unrelated investors who
12  submitted declaration showing they will "work together to direct and supervise the activities of
13  counsel to best vindicate the interests of all shareholders").[5]

14          Like Judge Illston in *Versata*, other courts have also recognized the benefit to the class of
15  having a small, cohesive group, like Tabrizi and Ascha, representing it as lead plaintiff.  "A small,
16  cohesive group can best represent the interests of the absent class members in the event that a Lead
17  Plaintiff later withdraws, or if defendants successfully challenge one of the group during the
18  pendency of the litigation." *Molycorp*, 2012 U.S. Dist. LEXIS 89191, at *9 (citing *In re Neopharm,*
19  *Inc. Sec. Litig*., No. 02 C 2976, 2004 U.S. Dist. LEXIS 5814, at *7 n.1 (N.D. Ill. Apr. 8, 2004) (lead
20  plaintiff process reopened years after initial appointment of lead plaintiff because "this is not a

---

[5]    *See also McCracken v. Edwards Lifesciences Corp.,* No. 8:13-CV-1463-JLS (RNBx), 2014 U.S. Dist. LEXIS 2147, at *12-*17 (C.D. Cal. Jan. 8, 2014) (appointing as lead plaintiff a group of investors that submitted joint declaration describing procedures for overseeing litigation as lead plaintiff); *In re Nature's Sunshine Prods*., No. 2:06-CV-267 TS, 2006 U.S. Dist. LEXIS 57594, at *6-*7 (D. Utah Aug. 16, 2006) (appointing group of unrelated members and noting that "[t]he members of the group have also submitted affidavits demonstrating the cooperative intentions and efforts of the group"); *Sabbagh v. Cell Therapeutics, Inc*., No. C10-414MJP, 2010 U.S. Dist. LEXIS 93614, at *18-*20 (W.D. Wash. Aug. 2, 2010) (finding a group of investors an appropriate lead plaintiff where "[t]he declarations detail their backgrounds, investment experience, their willingness and agreement to act as a cohesive group, their intention to regularly consult with each other regarding the conduct of this lawsuit, their process for sharing information and decision-making, how decisions will be made between them and how their counsel will be overseen").

1  situation where more than one lead plaintiff was appointed and the withdrawal of one lead plaintiff
2  means that others still exist")).  "Further, a small group of investors are more likely to diligently
3  monitor counsel, and more likely to make consensus decisions that protect the interests of absent
4  class members, rather than simply protecting the financial interests of a single individual." *Id.* at
5  *10.

6  ATRS ignores this weight of authority in this District and around the country, and relies upon
7  two cases in the Southern District of New York to support their assertion that Tabrizi and Ascha's
8  Joint Declaration is not sufficient evidence of their cohesion. Dkt. No. 52 at 10-11. Aside from
9  being from another district, and the clear minority position, these cases actually support the
10 appointment of Tabrizi and Ascha. In *In re CMED Securities Litigation*, No. 11 Civ. 9297 (KBF),
11 2012 U.S. Dist. LEXIS 47785, at *18-*19 (S.D.N.Y. Apr. 2, 2012), the court disaggregated the
12 group, looked at the individual movants' individual losses and appointed the members of the group
13 that had the largest individual loss. *Id.* Here, were the Court to look at each of the non-barred
14 movants individually, Tabrizi has the largest individual loss. Similarly, in *Pipefitters Local No. 636*
15 *Defined Benefit Plan v. Bank of America Corp.*, 275 F.R.D. 187 (S.D.N.Y. 2011), the group that was
16 rejected was "subject to certain unique defenses and flaws that render[ed] it inadequate as lead
17 plaintiff." *Id.* at 191. Here, ATRS has not raised any unique defenses to which Tabrizi or Ascha
18 would be subject, nor are they subject to any unique defenses. Consequently, the two non-binding
19 cases upon which ATRS relies do not prevent the appointment of Tabrizi and Ascha here.

20 Finally, ATRS itself has moved numerous times for lead plaintiff appointment as a member
21 of a group of unrelated entities, submitting very similar joint declarations to the one submitted by
22 Tabrizi and Ascha here. Declaration of Tricia L. McCormick in Support of Farshid Tabrizi and Hani
23 Ascha's Reply Memorandum in Further Support of Their Motion for Appointment as Lead Plaintiff
24 and Approval of Selection of Counsel ("McCormick Reply Decl."), Ex. A. Less than one year ago,
25 ATRS itself, as part of such a group, has also argued that "the overwhelming weight of the
26 jurisprudence throughout the Country – has consistently appointed small groups of investors that are
27 capable of overseeing counsel and the litigation." McCormick Reply Decl., Ex. B at 3,8 ("courts
28

FARSHID TABRIZI AND HANI ASCHA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL - 4:15-cv-05803-YGR - 6 -

throughout the country routinely recognize the propriety of appointing such groups when they have shown that they are cohesive and capable of overseeing counsel and the litigation"). ATRS specifically pointed out that these courts have appointed small, cohesive groups "including those with no prior relationship." *Id.* at 8. Most importantly, though, ATRS declared that a movant "cannot challenge the appointment" of a small group where it "has itself recognized the benefits that groups provide through its own words and actions," having served or sought to serve as part of a group in other cases. *Id.* at 9. As ATRS said itself, "any attempt" by a movant who has itself argued in favor of the appointment of a group "to challenge the propriety" of another such small, cohesive group "should be rejected." *Id.* at 10 (citing *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-1631, 2014 U.S. Dist. LEXIS 49595, at *23 (E.D. Pa. Apr. 10, 2014) (appointing a lead plaintiff group where a competing movant had previously "argued in favor of aggregation in circumstances similar to those here"). Accordingly, ATRS's argument against the appointment of Tabrizi and Ascha, a small, cohesive group here, "should be rejected." *Id*.

### C. Tabrizi and Ascha Satisfy the "Most Adequate Plaintiff" Requirements Without Aggregating Their Losses

ATRS's opposition to Tabrizi and Ascha's appointment rests upon its assertion that the losses of Tabrizi and Ascha should not be "aggregated" for purposes of being the "most adequate plaintiff." Dkt. No. 52 at 9-10. Aggregation of Tabrizi and Ascha's losses, however, is not an issue since Tabrizi alone has a larger loss than the remaining two movants, Tay and the McNierney Group, ***combined***. Consequently, the aggregation of Tabrizi and Ascha's losses is not necessary for them to possess the "largest financial interest." *See Suntech*, 2012 U.S. Dist. LEXIS 167702, at *7 ("This is not a case, however, in which lawyers aggregated plaintiffs in order to overcome the largest stake requirement. Rather, Chen meets that requirement on his own."); *Hodges v. Akeena Solar, Inc*., 263 F.R.D. 528, 533 (N.D. Cal. Oct. 21, 2009) (Ware, J.) (explaining "it is not necessary for the members of the Akeena Investor Group to aggregate themselves in order to overcome the largest stake requirement - one of its members could meet that requirement by herself"); *see also Accuray*,

1  2009 U.S. Dist. LEXIS 105466, at *8 ("most courts have concluded that the PSLRA authorizes
2  plaintiffs to aggregate their losses for purposes of the lead plaintiff determination").[6]

3  Since ATRS is disqualified from serving as lead plaintiff because it has so severely run afoul
4  of the PSLRA's 5-in-3 rule, the movant with the next largest financial interest is Tabrizi and Ascha,
5  ***whether or not their losses are aggregated***.[7]  ATRS has itself argued that aggregation is not at issue
6  where one of the members of the group "has the single largest financial interest of any qualified
7  movant" in the case.  McCormick Reply Decl., Ex. B at 12 (citing cases).  Consequently,
8  aggregation is not an issue.  Tabrizi and Ascha are the "most adequate plaintiff" and they should be
9  appointed Lead Plaintiff.

10 **III.    CONCLUSION**

11  ATRS has already been appointed as lead plaintiff in some 20 securities cases within the past
12  3 years, and ATRS has 2 additional lead plaintiff motions (not including the one in this case)
13  pending in other courts.  As a result, ATRS runs afoul of the PSLRA's 5-in-3 rule, and has not
14  demonstrated why the Court should lift the presumptive bar against it to allow it to serve in yet
15  another complex securities fraud case as lead plaintiff.  Tabrizi and Ascha, however, the movants
16  with the next largest financial interest, are a small, cohesive group of two sophisticated individuals
17  whose attention is not fractured among a dozen securities cases, and who are dedicated to providing

---

[6]  *See also Petrie v. Elec. Game Card, Inc*., No. SACV 10-0252 DOC (RNBx), 2010 U.S. Dist. LEXIS 56283, at *6-*7 (C.D. Cal. June 4, 2010) (appointing group of three investors because it included movants which had the highest financial loss); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *14-*15 (S.D. Cal. Jan. 5, 2004) (allowing a group of unrelated investors to serve as lead plaintiff where an individual within that group had highest financial loss).

[7]  In arguing that ATRS is an adequate plaintiff, ATRS relies upon Judge Conti's opinion in *In re Netflix, Inc., Sec. Litig*., No. 12-0225 SC, 2012 U.S. Dist. LEXIS 59465 (N.D. Cal. Apr. 26, 2012), which appointed ATRS as lead plaintiff in 2012.  This case is unavailing to ATRS here, however.  In *Netflix* Judge Conti appointed ATRS, noting that ATRS had been appointed in ***only six cases*** in the previous three years.  Here, however, ATRS is much more over-stretched, having been appointed in some ***twenty*** securities class actions in the three years preceding the filing of this Action. Consequently, the court's decision to lift the bar in *Netflix* does not compel this Court to lift the bar to appoint ATRS yet again.  In addition, Judge Conti lifted the bar in *Netflix* in part because the only other movant was a group that had "made no showing of former ties or current cohesion," and was subject to unique defenses  *Id*. at *16-*17.  Here, Tabrizi and Ascha have demonstrated their cohesiveness and are ***not*** subject to unique defenses.  Consequently, there is no reason to lift the bar for ATRS in this case.

1 | the class with the best representation possible.  Tabrizi and Ascha, therefore, should be appointed as
2 | Lead Plaintiff.

3 | DATED:  March 8, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
TRICIA L. McCORMICK

    s/ Tricia L. McCormick
TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
DENNIS J. HERMAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
SAMUEL H. RUDMAN
MARIO ALBA JR.
58 S Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

JOHNSON & WEAVER, LLP
FRANK J. JOHNSON
600 West Broadway, Suite 1540
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)

[Proposed] Lead Counsel for Plaintiff

FARSHID TABRIZI AND HANI ASCHA'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF
COUNSEL - 4:15-cv-05803-YGR - 9 -

CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 8, 2016.

    s/ Tricia L. McCormick
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:tmccormick@rgrdlaw.com

# Mailing Information for a Case 4:15-cv-05803-YGR Desai Vikramkumar v. Nimble Storage, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Eric J. Belfi**
  ebelfi@labaton.com,ElectronicCaseFiling@labaton.com

- **Michael M Davis-Wilson**
  mdaviswilson@fenwick.com,vpieretti@fenwick.com

- **Michael Scott Dicke**
  mdicke@fenwick.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com,smorris@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,triciam@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Deborah Kang**
  dkang@fenwick.com,tchow@fenwick.com

- **Christopher J. Keller**
  ckeller@labaton.com,drogers@labaton.com,electroniccasefiling@labaton.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Felix Shih-Young Lee**
  flee@fenwick.com,tmartin@fenwick.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Susan Samuels Muck**
  smuck@fenwick.com,kayoung@fenwick.com,pnichols@fenwick.com,acaloza@fenwick.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Aidan Chowning Poppler**
  cpoppler@bermandevalerio.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Michael Walter Stocker**
  mstocker@labaton.com,nmackiel@labaton.com,ElectronicCaseFiling@labaton.com,lmehringer@labaton.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`