SUSAN S. MUCK (CSB No. 126930)
smuck@fenwick.com
MICHAEL DICKE (CSB No. 158187)
mdicke@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
MICHAEL DAVIS-WILSON (CSB No. 259790)
mdaviswilson@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Defendants
Nimble Storage, Inc., Suresh Vasudevan,
Anup V. Singh, Daniel Leary, and Varun Mehta

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NIMBLE STORAGE, INC. SECURITIES LITIGATION | Case No.: 4:15-cv-05803-YGR **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** Date:  April 18, 2017 Time: 2:00 p.m. Judge:  Hon. Yvonne Gonzalez Rogers Date Action Filed: December 17, 2015 |

1       The motion of defendants Nimble Storage, Inc. ("Nimble" or the "Company"), Suresh

2  Vasudevan, Anup V. Singh, Daniel Leary, and Varun Mehta to dismiss plaintiff's Second

3  Amended Consolidated Class Action Complaint ("SAC") in the above-captioned action came on

4  regularly for hearing before the Court on April 18, 2017.  The parties were represented by their

5  respective counsel of record.

6       After considering the papers submitted by the parties and the argument of counsel, the

7  Court finds that Plaintiff's SAC does not satisfy the requirements of Fed. R. Civ. P. 9(b) and the

8  Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Plaintiff has not alleged facts

9  sufficient to state a claim for violation of Section 10(b) of the Securities Exchange Act of 1934

10  ("1934 Act") or Section 20(a) of the 1934 Act.

11       Plaintiff has failed to allege specific facts, in accordance with the PSLRA, that show that

12  any challenged statement was false when made. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*,

13  540 F.3d 1049, 1071-72 (9th Cir. 2008).  *See In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869,

14  876-77 (9th Cir. 2012).  Plaintiff also fails to allege facts that the challenged statements are

15  outside the scope of the PSLRA's "safe harbor" for forward-looking statements. 15 U.S.C. § 78u-

16  5(c)(1)(A)(i); *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

17       In addition, plaintiff fails to plead particularized facts raising a strong inference of scienter

18  as to any defendant. *DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 391 (9th

19  Cir. 2002).

20       As the CAC does not plead an underlying violation of Section 10(b), Plaintiff's claim for

21  control person liability under Section 20(a) is also dismissed. 15 U.S.C. § 78t(a); *Paracor Fin.,*

22  *Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1161 (9th Cir. 1996).

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Pursuant to Fed. R. Civ. P. 12(b)(6), it is hereby ordered that Defendants' motion to

2    dismiss is GRANTED, and the Second Amended Consolidated Class Action Complaint is

3    DISMISSED WITH PREJUDICE.

4    IT IS SO ORDERED.

5

6    Dated:_____          _____

7                                           The Honorable Yvonne Gonzalez Rogers
                                            United States District Court Judge